**UNITED STATES of America**

v.

**Ricardo L. VASQUEZ, Defendant**

**No. CRIM.02–125–P–C.**

United States District Court,
D. Maine.

Jan. 23, 2003.

David R. Collins, Esq., Office of the U.S. Attorney, Portland, ME, for U.S. Attorneys.

Edward S. Maccoll, Esq., Thompson, Bull, Furey, Bass & Maccoll, LLC, P.A., Portland, ME, for Defendant.

## ORDER DENYING APPEAL OF DETENTION ORDER

GENE CARTER, Senior District Judge.

Defendant is before the Court on a two-count Indictment charging violation of 18 U.S.C. §§ 2422(b) and 2423(b). He was ordered detained without pretrial bail following a two-stage hearing before Magistrate Judge Cohen, Docket Item No. 8, in which the Magistrate Judge found that there were, in the circumstances, no condition or combination of conditions on which Defendant could be released on pretrial bail that would reasonably assure community safety.

Defendant has appealed the detention order. Docket Item Nos. 10 and 13. This Judge has heard oral argument of counsel and has conducted a *de novo* review of the record underlying the actions of the Magistrate Judge.

The Magistrate Judge found the facts to be as follows:

The defendant, now 36 years old, was born and raised in Uvalde, Texas. He completed a GED program in Uvalde in 1992. His parents reside in Uvalde with one of his eight sisters in their own home. The defendant's other sisters and his one brother live in Illinois, Texas and California. The defendant himself currently resides in Chicago with two nephews. Pretrial Services reports that "his stability at previous residences range[s] from six months to one year." Over the last year the defendant has had periodic contact with his parents, which has generally taken the form of his calling every other week to speak to his

mother. No other information has been provided regarding the defendant's relationship to his parents or is siblings.

The defendant has been unemployed since May 2001. Previously, he worked in commissioned sales jobs and at a restaurant. According to the defendant, he has performed only odd jobs, such as washing cars and cutting grass, from 2001 to the present. He claims to receive financial support from his family. He reports as his only asset $81 in cash.

The defendant acknowledges use of marijuana from two to three times a month, with his last use in September 2002. He has been using marijuana since the age of 14. According to the defendant, he lived for one year at a rehabilitation home in Chicago run by the Victory Outreach Spanish Ministries which operate a reentry program. The defendant's purpose in being there has not been explained.

The defendant has criminal convictions for trespass (two) and burglary. In connection with the more recent trespass conviction, on November 4, 2002 he was placed on supervision and ordered to perform three days of community service through the so-called SWAP program. The defendant never registered with the local department of social services to join the program and has not performed his required service.

Both charged offenses are crimes of violence as defined, for purposes of release and detention considerations, by 18 U.S.C. § 3156(a)(4)(C). The evidence against the defendant is strong. The defendant solicited sex from a 13 year-old resident of Eliot, Maine, whom he knew to be 13, through a series of Internet chats and telephone conversations with her from Chicago. He made arrangements with her for his travel to Maine to spend a weekend with her at a Kittery motel for the purpose of having sex. Unbeknownst to him, a number of his communications with the victim were recorded and he was arrested upon his arrival at the motel. A warranted search of his duffel bag yielded, among other things, a disposable camera, six pair of thong underwear he had told the victim he was bringing for her and several condoms.

Docket Item No. 8 at 2–3 (footnote omitted).

The Magistrate Judge concluded, on those factual findings, that it was demonstrated by evidence that Defendant posed a risk of flight that could be adequately addressed by conditions of pretrial release [1] and, by clear and convincing evidence, that he posed a danger to the community that could not be so accommodated. He found that "[k]nowing full well the age of his victim, he engaged, over a period of months, in numerous communications with her to arrange to have sex with her and was fully prepared to execute that plan." *Id.* at 3. He rejected the tender of Defendant's father as a suitable third-party custodian of Defendant if released on pretrial bail for lack of sufficient evidence to assess his suitability. He found that a suitable third-party custodianship would be essential to any release of Defendant.

After careful review of the transcript of both hearings before the Magistrate Judge and the other evidence admitted at the hearing (Government's Exhibits 1 and 2), bearing in mind that the burden of persuasion is on the Government in these proceedings, *see United States v. Chimurenga,* 760 F.2d 400 (2nd Cir.1985), this Court

---

**1.** There has been no specific mention of an appeal of this determination, and, therefore, the Court has not undertaken a *de novo* review thereof.

**CONCLUDES,** on a *de novo* review of the evidence, that it is established by the full record herein by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure community safety if this Defendant is released on bail pending trial. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's findings of fact as set out above. This Court is satisfied from a careful review of the affidavit of James K. Lechner (attached to the Complaint herein, Docket Item No. 1), the investigating officer, that the offense conduct described therein is so bizarre as to justify the inference that the Defendant is fixated on having sex with juvenile girls. The level of determination demonstrated by Defendant's pursuit of his purpose with the victim here, over a period of months and from a considerable geographic distance, and the other circumstances of the pursuit make it crystal clear that his fixation is likely generic in orientation as to victims and is not generated by any specific attraction to this specific victim. His interest is likely indiscriminate except as to age. Hence, the Court concludes that, if released on bail, Defendant is highly likely to continue his fixated pursuit of engaging in sex with juveniles by further criminal conduct.

Further, the Magistrate Judge's finding that the availability of a suitable third-party custodian is an essential condition to any release of the Defendant on pretrial bail that will provide reasonable assurance of community safety is fully supported by clear and convincing evidence. No such custodian has been shown to be available, the Magistrate Judge's rejection of Defendant's father for that role being supported by the record.

Considering all of the evidence now in the record, the Court **CONCLUDES** that there is clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community if Defendant is admitted to pretrial bail. It is hereby **ORDERED** that the appeal be, and it is hereby, **DENIED** and that the Order of Detention of December 31, 2002 (Docket Item No. 8), be, and it is hereby, **AFFIRMED** on the record, as supplemented by oral argument before this Judge, and that Defendant stand committed as specified in the Order of Detention and on the conditions stated therein.

So **ORDERED**.